CASWELL v. MUSKEGON CIVIL SERVICE COMMISSION.

1. MUNICIPAL CORPORATIONS—CIVIL SERVICE—PROMOTIONS.

Under city charter provisions requiring civil service commission to prepare an eligible list for each grade of the classified service of the city and keep such list for a year and stating that where a position is to be filled by promotion that the name certified therefor shall be the highest on the eligible list for promotion but that where there is a vacancy the three highest on the eligibility list shall be certified, plaintiffs who were highest on eligible list for promotions would be entitled to be certified for positions as vacancies in positions to be filled by promotion occurred during year following examinations and preparation of eligibility list for promotion (Muskegon City Charter, chap. 15, §§ 2, 4, 5).

2. SAME—CONSTRUCTION OF CHARTER.

Where the language of a city charter is plain, certain and unambiguous it requires no interpretation.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted October 10, 1946. (Docket No. 50, Calendar No. 43,428.) Decided December 2, 1946.

Bill by Donald Caswell and others against Board of Civil Service Commission of the City of Muskegon and others for declaration of rights under civil service provisions of city charter. Decree for plaintiffs. Defendants appeal. Affirmed.

George H. Cross, for plaintiffs.

Edward C. Farmer and H. Winston Hathaway, for defendants.

DETHMERS, J.   Plaintiffs are employees of the fire department and defendants are the members of the board of civil service commissioners of the city of Muskegon.   Plaintiffs filed a bill of complaint for a declaration of rights under the civil service provisions of the city charter.   From a decree for plaintiffs the defendants appeal.

During June and July, 1945, plaintiffs took promotional civil service examinations and on July 11, 1945, were notified by defendants that they had passed the examinations with certain specific ratings, which placed them on eligible lists immediately below the highest thereon who received promotion. Later additional vacancies occurred, and the plaintiffs contend that so soon as the highest on the eligibile list received promotion the plaintiffs, who rank next on such list, thereupon became next in line for any promotions available within one year after their names first appeared on the eligible list.   The defendants disagree and insist that when the person standing highest on the eligible list for promotion immediately following the examinations actually received promotion, the list thereupon became extinguished and the others whose names appeared thereon could only become eligible for promotion by taking further examination and passing with a grade higher than that of any other applicant for promotion taking the same examination.

The applicable charter provisions are contained in chapter 15 thereof.

"SEC. 2   The commission shall classify all the offices of employment; shall make rules for the examination and selection of persons to fill the offices and positions in the classified service; shall supervise the administration of the civil service rules, hold examinations thereunder from time to time, giving

due notice thereof, prepare and keep an eligible list of persons passing such examinations, and certifying the names of persons thereon to appointing officers of the several departments.    *    *    *

"SEC. 4.   From the returns of the examinations held by the commission, it shall prepare an eligible list for each grade or class of position in the competitive classified service of the city.  The commission shall strike off the names of candidates from the eligible list after they have remained thereon one year.    *    *    *

"SEC. 5.   The head of any department in which a position is to be filled shall notify the commission of that fact and in the event the position is to be filled by promotion from one grade of service to another, then the commission shall certify to the appointing officer the name and address of the person standing highest on the eligible list for promotion, but in the event that the position to be filled is one for which a vacancy exists, then the commission shall certify to the appointing officer the names and addresses of the three persons standing highest on the eligible list."

Defendants maintain that a conflict exists between the provisions of section 4 and section 5 in that section 4 requires the commission to prepare an eligible list of those who pass the examinations and to keep such a list for at least one year for the purpose, as provided in said sections 2 and 5, of certifying names therefrom to appointing officers, while section 5 provides, as to promotions, that only the name of the person standing highest on the eligible list for promotion shall be certified to the appointing officer for such promotion, so that, as defendants say, after the top person on the list has been promoted the list can serve no further purpose and must be deemed to have become extinguished automatically, because, to certify thereafter the name or

names of those next in order on the list, for promotions later becoming available, would be violative of section 5 inasmuch as those names would not be of the person originally highest on the list but second or possibly third or fourth or fifth. For this reason defendants say that a reading of the two sections together gives rise to an ambiguity calling for construction.

Undertaking such construction, the defendants assert that the requirements of section 4 for the preparation and keeping for a period of one year of an eligible list do not apply to applicants for promotion but only to applicants not already in the service. As to the latter, section 5 provides that the top three on the eligible list shall be certified to fill a vacancy. The defendants' practice in such cases, after one of the top three receives appointment, has been to move the name of the person originally standing fourth on the eligible list to third position, to be certified the next time a vacancy occurs as one of the top three for consideration for appointment, and when one of these three receives an appointment number five moves up to number three position, et cetera. Defendants see no conflict between sections 4 and 5 in this connection despite the fact that their practice results, ultimately, in the certification for appointment to vacancies of persons who originally were not the three highest on the eligible list for vacancies. In doing as they have in this regard, the defendants are reading section 5, as to filling vacancies, to mean that the names to be certified are those of the three persons standing highest on the eligible list for vacancies at the time such certification is made. We think that is the only way it can be read. The situation in the case of promotions is no different. Promotion of the top person removes his name from the eligible list and thereupon the next in

rank becomes the person standing highest on the eligible list for promotion. Not only as relates to the first promotion following examinations therefor, but also as to each subsequent promotion during the year following the examinations and preparation of the eligible list for promotion, the commission is required to certify for promotion the name of the person then highest on the eligible list. This is the clear intent and meaning of sections 2, 4 and 5 of the charter, whether read separately or together, and there is no charter language of contrary import. Any other course would do violence to the plain meaning of the term "eligible list for promotion" as used in section 5 itself, and would, in fact, make it meaningless because then, after the first promotion following the examinations had been made, there would be nothing for which those remaining on the eligible list for promotions would be eligible.

Defendants cite a number of cases which lay down rules for statutory or charter construction, but we find no conflict between the provisions of said sections 4 and 5 and a reading of them together presents no ambiguity. The language employed is plain, certain and unambiguous and requires no interpretation. *City of Grand Rapids* v. *Crocker,* 219 Mich. 178, 182; *People* v. *Oakland County Treasurer,* 312 Mich. 140, 145.

Decree affirmed, with costs to plaintiffs..

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred.